**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Estevan Leal, | ) | No. CV 04-2671-PHX-MHM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| ALCOA, | ) ) | |
| Defendant. | ) ) ) ) | |

    Plaintiff while proceeding pro se filed an amended complaint asserting claims for discrimination, wrongful termination, defamation and intentional infliction of emotional distress. Defendant filed a motion to dismiss the amended complaint under Fed.R.Civ.P. 12(b)(6). (Doc. 15). Plaintiff pro se filed a response (Doc. 18), and Defendant filed a reply. (Doc. 21). On May 23, 2006, after completion of the briefing on Defendant's motion to dismiss the amended complaint, a notice of appearance was filed by counsel on behalf of the Plaintiff. (Doc. 22). The Court permitted supplemental briefing to be filed by Plaintiff's counsel and Defendant. (Doc. 23). The parties have filed their supplemental memoranda (Doc. 24-26) and the Court now enters this Order on Defendant's motion to dismiss amended complaint. The Court has determined that oral argument would not materially assist in the determination of the pending motion.

I.

Standard of Review.

When reviewing a motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir. 1990). The Court must draw all reasonable inferences in favor of the non-moving party. Salim v. Lee, 202 F. Supp. 2d 1122, 1125 (C.D. Cal. 2002). Dismissal is proper "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The Ninth Circuit has stated that "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims. Id.

II.

Plaintiff's Allegations in the Amended Complaint.

In the opening section of the amended complaint, Plaintiff alleges that Defendant discriminated against him and that as a result of this conduct, he has suffered lost wages, medical coverage, pain and suffering, humiliation, embarrassment, mental anguish loss of life's pleasures, well-being, and impairment of credit. (Doc. 13, para. 3). As for his claim of discrimination, Plaintiff alleges that he either is or is regarded as a member of a protected class and that Plaintiff was refused reasonable accommodation and anger/management training described by Defendant as are available to other salaried employees. Plaintiff further alleges that while on short-term-disability, he filed an EEOC complaint and that despite his qualifications and exemplary work history, Plaintiff was given an ultimatum to take a general

1 helper position or nothing, "considerably not comparable in compensation or prestige." (id.,
2 at paras. 5-10).

3     In support of his wrongful termination claim, Plaintiff alleges that Defendant's
4 company physician convinced him to have his physician release Plaintiff to work with
5 restrictions but that Defendant had no intention of allowing Plaintiff to return to work with
6 or without restrictions. (id., at para. 11). Plaintiff further alleges that despite Plaintiff's
7 qualifications and exceptional work history with Defendant, his employment was terminated
8 and he was denied customary severance/medical coverage as given to other salaried
9 employees and as recommended by Defendant's physician. (id., at para. 13). Plaintiff asserts
10 that his employment was terminated while his appeal to Defendant's disability insurer was
11 pending but that the disability insurer eventually awarded Plaintiff continued disability
12 coverage retroactive to Plaintiff's termination date. (id., at paras. 14-15).

13     With respect to his defamation claim, Plaintiff alleges that his credit and work
14 reputation have suffered and that Plaintiff has become in debt and filed for bankruptcy. (id.,
15 at paras. 16-17). In additional allegations, Plaintiff asserts that since his employment
16 termination he has been diagnosed disabled by the Social Security Administration, he is
17 unable to return to work, that Defendant's conduct potentially resulted in Plaintiff's mental
18 anguish and distress, and that Defendant disposed Plaintiff to "conduct" that would cause any
19 reasonable person severe emotional distress and eventual resignation. (id., at paras. 18-20).

20     Plaintiff seeks damages for personal injury, medical expenses, lost wages, pain and
21 suffering and emotional distress. Plaintiff also asks that he be granted a severance package
22 and costs.

23 <center>III.</center>
24 <center>Defendant's Motion to Dismiss.</center>

25     Defendant contends that Plaintiff's wrongful termination claim should be dismissed
26 because his exclusive remedy is under the Americans with Disabilities Act ("ADA"), 42
27 U.S.C. §§ 12101-12213. In support of this argument, Defendant contends that under
28 Arizona's Employment Protection Act ("AEPA"), A.R.S. § 23-1501, an employee can only

<center>- 3 -</center>

1 pursue a tort claim for wrongful termination if a statute does not provide a remedy to an
2 employee for violation of the particular statute, citing A.R.S. § 23-1501(3)(b).  In <u>Fallar v.</u>
3 <u>Compuware Corp.</u>, 202 F. Supp. 2d 1067, 1076 (D. Ariz. 2002), the plaintiff asserted a tort
4 claim for bad faith termination in violation of public policy based on his disability.  The
5 district court found that the AEPA limited the employee's remedies in his wrongful
6 termination action to those provided by the ADA and the Arizona Civil Rights Act
7 ("ACRA"), A.R.S. §§ 41-1401 et seq.  Plaintiff has responded in his supplemental briefing
8 that whether the AEPA precludes a common law wrongful termination claim is still an open
9 issue in Arizona, citing <u>Galati v. America West Airlines, Inc.</u>, 69 P.3d 1011, 1015 (Ariz.
10 App. 2003)("[w]hether a common law tort for wrongful termination still exists after the
11 AEPA is an open and much debated question in Arizona law").  The court in <u>Galati</u> did not
12 reach the issue because it determined that the Airline Deregulation Act preempted the
13 plaintiff's attempt to bring a state cause of action under the AEPA or Arizona common law.
14 <u>Id</u>., at 1016-17.  In <u>Cronin v. Sheldon</u>, 991 P.2d 231, 235 (Ariz. 1999), the Arizona Supreme
15 Court held that the AEPA restricts the tort of wrongful termination in violation of public
16 policy under ACRA to the statutory remedies provided by the ACRA.  It therefore appears
17 that, to the extent that Plaintiff has asserted a wrongful termination claim based on disability
18 discrimination, his claim should proceed under the ADA if such a claim can be factually
19 supported. Defendant's motion to dismiss Plaintiff's wrongful termination claim as preempted
20 by the ADA is granted.

21       Defendant next contends that Plaintiff's defamation claim must be dismissed because
22 it lacks specificity.  Defendant argues that Plaintiff has not set forth in his amended
23 complaint what statement was allegedly false, who made the statement and when, or to whom
24 the statement was made. Plaintiff in his supplemental response has not addressed Defendant's
25 arguments that his defamation claim is insufficient.  Because Plaintiff has not responded with
26 factual argument that he has stated a claim for relief, the defamation claim will be dismissed.

27       Finally, Defendant has moved for dismissal of Plaintiff's claim for intentional
28 infliction of emotional distress. Defendant contends that Plaintiff's assertions that he was not

1  offered a comparable position, that his employment was terminated after he refused the
2  position, and that he was subsequently diagnosed disabled by the Social Security
3  Administration and unable to return to work do not support a claim for intentional infliction
4  of emotional distress. Defendant further argues that conduct in the employment context
5  rarely rises to the level of outrageousness necessary to support such a claim. Defendant has
6  cited Spratt v. Northern Auto. Corp., 958 F. Supp. 456, 461 (D. Ariz. 1996), in which an
7  employer's action of demoting plaintiff and reducing her salary while she was on maternity
8  leave after she was suspended for suspected theft did not rise to the level of outrageous
9  conduct. See also Mintz v. Bell Atlantic Systems Leasing Intern. Inc., 905 P.2d 559, 563
10 (Ariz. App. 1995)(failing to promote employee, forcing her to return to work, and delivering
11 her a letter while she was hospitalized was not extreme and outrageous conduct); Nelson v.
12 Phoenix Resort, 888 P.2d 1375 (Ariz. App. 1994)(objectionable and embarrassing
13 circumstances surrounding method of discharge did not rise to the level of outrageousness
14 required to support claim of intentional infliction of emotional distress).,

15     "To recover for intentional infliction of emotional distress [in Arizona], a plaintiff
16 must show that the defendant's conduct was extreme and outrageous, causing plaintiff severe
17 emotional distress; physical injury need not occur." Duke v. Cochise County, 938 P.2d 84,
18 87 (Ariz. App. 1996). A defendant must either intend to cause emotional distress or
19 recklessly disregard the near certainty that such distress will result from his conduct. Johnson
20 v. McDonald, 3 P.3d 1075, 1080 (Ariz. App. 1999). Plaintiff's allegations in the amended
21 complaint fail to state a claim for relief based on intentional infliction of emotional distress.
22 Defendant's motion to dismiss this claim is granted.

23     As mentioned above, Plaintiff filed his amended complaint while proceeding pro se.
24 Plaintiff now is represented by counsel. In the supplemental response filed by Plaintiff's
25 counsel, Plaintiff has argued facts outside the four corners of the amended complaint.
26 Plaintiff also has submitted briefing in support of claims for disability discrimination under
27 the ADA, national origin discrimination, retaliation, wrongful termination and intentional
28 infliction of emotional distress. Plaintiff has contended throughout his supplemental response

- 5 -

1 that if his claims are factually or legally insufficient, he should be permitted to file an
2 amended complaint.

3 Defendant in its supplemental reply points out that Plaintiff's present amended
4 complaint makes no reference to alleged national origin harassment. Defendant further has
5 argued that Plaintiff may not assert any claims based on his first charge of discrimination
6 filed with the EEOC on January 23, 2004 because any such claims would be untimely as filed
7 more than 90 days after receipt of the right to sue notice. Defendant maintains that Plaintiff's
8 second charge of discrimination filed with the EEOC on August 6, 2004 is the basis of
9 Plaintiff's current lawsuit. Plaintiff has not responded to these arguments because they were
10 raised for the first time in Defendant's supplemental reply briefing. Arguments raised for the
11 first time in a reply are generally not considered because to do so may unfairly deprive the
12 opposing party of the opportunity to make a meaningful response. See, e.g., Pacific Coast
13 Federation of Fisherman's Ass'n. v. U.S. Bureau of Reclamation, 138 F. Supp.2d 1228, 1248,
14 n.17 (N.D. Cal. 2001).

15 Review under Rule 12(b)(6) generally is limited to the facts as presented within the
16 four corners of the complaint, to documents attached to the complaint, or to documents
17 incorporated within the complaint by reference. The Court also may look to public records
18 in deciding a motion to dismiss. Taylor v. Vermont Dept. of Education, 313 F.3d 768, 776
19 (2d Cir. 2002). The court may not, for example, take into account additional facts asserted
20 in a memorandum opposing the motion to dismiss. See, e.g., Car Carriers, Inc. v. Ford Motor
21 Co., 745 F.2d 1101, 1107 (7th Cir. 1984)(complaint may not be amended by brief in
22 opposition to motion to dismiss).

23 When granting a motion to dismiss, a court is generally required to grant a plaintiff
24 leave to amend unless the amendment would be futile. Cook, Perkiss & Liehe, Inc. v.
25 N.Cal.Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether
26 amendment would be futile, a court examines whether the complaint could be amended to
27 cure the defect requiring dismissal "without contradicting any of the allegations of [the]
28 original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

Because Plaintiff is now represented by counsel, the Court concludes that it is appropriate to permit Plaintiff to file a second amended complaint. The Court will grant Plaintiff leave to file a second amended complaint to assert claims as appropriate on good faith belief and information as are supported by relevant legal theories.

**Accordingly**,

**IT IS ORDERED** that Defendant's motion to dismiss the amended complaint (Doc. 7) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint is dismissed without prejudice with leave to file a second amended complaint within twenty (20) days after the filing date of this Order. Defendant shall have twenty (20) days after service of any amended complaint within which to file an answer or response.

DATED this 21st day of September, 2006.

_____
Mary H. Murguia
United States District Judge