**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estevan Leal, | No. CV 04-2671-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| ALCOA, | |
| Defendant. | |

Presently pending before the Court is Defendants' Partial Motion to Dismiss. Doc. #29. Plaintiff has filed a Response. (Doc. 31) and Defendant has filed a Reply. Doc. #32. Defendant's Partial Motion to Dismiss is granted in part and denied in part.

BACKGROUND

Plaintiff Estevan Leal brought this action against his former employer Defendant Aluminum Company of America, Inc. ("Alcoa"). Plaintiff has alleged claims for national origin discrimination (Count I), retaliation (Count II), disability discrimination (Count III), wrongful termination (Count IV), and intentional infliction of emotional distress (Count V).

In 1984 Plaintiff Estevan Leal, a Hispanic male, was hired by Pimalco to work at its PSI aluminum extrusion plant. Plaintiff continued to work there through the company's takeover by Defendant Alcoa. In 1991 he was promoted to production supervisor, which was a salaried position. In 2001, he was promoted to production supervisor at Alcoa's aluminum extrusion plant at the Draw Tube Mill. In 2002 he was transferred back to his original plant

at the PSI location where he came under the supervision of general supervisor Keith Benbown. In his Second Amended Complaint, Plaintiff states that as a result of Mr. Benbow's constant harassment, which was motivated by Plaintiff's national origin, Plaintiff suffered from and was diagnosed with severe depression and anxiety. Plaintiff contends that despite its awareness of Plaintiffs condition and the work environment to which Mr. Benbow was subjecting Plaintiff, Defendant did nothing to prevent the abusive treatment of Plaintiff. On two occasions Plaintiff was put on short-term disability leave as a result of his condition.

Plaintiff filed two separate charges of discrimination with the Equal Employment Opportunity Commission ("E.E.O.C."). First, on January 23, 2004, while still employed by Defendant, Plaintiff filed with the E.E.O.C. a charge of national origin discrimination alleging harassment by Mr. Benbow. In a subsequent E.E.O.C. charge filed on August 6, 2004, Plaintiff claims that he was wrongfully terminated by Defendant in retaliation for Plaintiff having filed the original E.E.O.C. charge and because of his subsequent depression and anxiety. Specifically, Plaintiff alleges that after returning from his second disability leave he was not offered a comparable position; that his employment was terminated after he refused the position; and that Defendant encouraged Plaintiff to return to work as a pretext for Defendant's imminent termination of Plaintiff in retaliation for filing the E.E.O.C. charge.

In its Partial Motion to Dismiss, Defendant moves for dismissal of some factual allegations in Plaintiff's national origin discrimination cause of action. Defendant also asserts that the Court should dismiss Plaintiff's wrongful termination and intentional infliction of emotional distress causes of action. Defendant contends that Plaintiff's hostile work environment allegations based on Plaintiff's January 23, 2004 E.E.O.C. charge contained in his national origin discrimination claim are time-barred and cannot be considered by the Court in this lawsuit. Additionally, Defendant asserts that Plaintiff's wrongful termination, retaliation, and disability discrimination claims are preempted because Plaintiff has statutory remedies available to him. Finally, Defendant contends that its conduct did not rise to the level of outrageousness required to set forth a cause of action for intentional infliction of emotional distress. Defendant request that the Court, therefore,

dismiss Plaintiff's claims of national origin discrimination based on Plaintiff's claims of hostile work environment contained in his first E.E.O.C. charge (contained in Count I), wrongful termination claim (Count IV), and intentional infliction of emotional distress claim (Count V). Plaintiff has responded defending the Counts that Defendant has moved to dismiss.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed.R.Civ.P. 8(e). These rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## DISCUSSION

I.   HARASSMENT BASED ON NATIONAL ORIGIN DISCRIMINATION

Defendant moves to dismiss Plaintiff's allegations of hostile work environment, alleged in Plaintiff's January 23, 2004 E.E.O.C. charge, contained in Plaintiff's national origin discrimination, retaliation, and disability discrimination causes of action. Plaintiff's national origin discrimination cause of action includes claims of hostile work environment which Plaintiff alleged in his first E.E.O.C. charge on January 23, 2004. Plaintiff filed a second E.E.O.C. charge on August 6, 2004, alleging retaliation and disability discrimination which occurred after Plaintiff's first charge. Thus, Plaintiff's hostile work environment allegations could only apply to his national origin discrimination cause of action. Therefore, the Court does not interpret Defendant's Motion to Dismiss Plaintiff's assertions of hostile work

1    environment to apply to any claim other than Plaintiff's national origin discrimination claim.

3    The basis for Defendant's move to dismiss the hostile work environment portion of Plaintiff's national origin discrimination claim is that they are time-barred based on Plaintiff's failure to brings suit on those claims within the statute of limitations. Defendant asserts that Plaintiff's hostile work environment claims were encompassed in Plaintiff's first E.E.O.C. charge filed on January 23, 2004, and that Plaintiff failed to file a timely lawsuit based on the allegations in the first E.E.O.C. charge within 90 days of receipt of the right to sue notice. Defendant claims that as a result, Plaintiff is barred from litigating the harassment claims in this Court pursuant to the statute of limitations set forth in 42 U.S.C. § 2000e-5(f)(1). In his response, Plaintiff concedes that the "August 6, 2004 charge and this lawsuit (at least as it relates to Title VII and ADA) are based upon the Defendant's treatment of Leal after Leal went on medical leave in November 2003." Doc. 31 at 4.

Generally, "[a] potential plaintiff may not evade the 90 day time limitation by filing successive E.E.O.C. charges." Lo v. Pan Am, 787 F.2d 827, 828 (2d Cir. 1986). The time limitations otherwise "would be meaningless because potential plaintiffs could evade those requirements simply by seeking additional right to sue letters whenever they please." Id. at 828. Subsequent charges that re-allege conduct encompassed by a prior charge have no legal effect. See Vitello v. Liturgy Training Pub., 932 F. Supp. 1093, 1098 (N.D. Ill. 1996).

Plaintiff based his first E.E.O.C. charge on forms of discrimination different than those he alleged in his second charge. The facts Plaintiff alleged in his first charge are encompassed in Plaintiff's Second Amended Complaint in paragraphs 8 through 19 and 35 and include allegations of harassment by Mr. Benbow which created the hostile work environment. These allegations address conduct by Plaintiff's supervisor that took place on and before November 20, 2003. A right to sue notice was issued on April 9, 2004 for this first E.E.O.C. charge. At that time the 90 day statute of limitations began to run. In other words, Plaintiff had 90 days or until on or about July 9, 2004, to bring suit based on the

allegations in his first E.E.O.C. charge before such a suit was time-barred. Plaintiff did not bring suit on those allegations until he filed the instant suit on November 24, 2004.

The statute of limitations set forth in 42 U.S.C. § 2000e-5(f)(1) mandates that an aggrieved party must bring suit within 90 day of the E.E.O.C.'s issuance of a right to sue notice. Pursuant to the statute of limitations and through Plaintiff's concession, any claims related to the January 23, 2004 charge are time-barred. Defendant's Partial Motion to Dismiss the portion of Plaintiff's claim of national origin discrimination based on allegations of hostile work environment alleged in his first E.E.O.C. charge is granted. However, the other allegations contained in Plaintiff's national origin discrimination claim remain.

Defendant argues in the alternative that Plaintiff's allegations of hostile work environment contained in his national origin discrimination claim should be dismissed because Plaintiff failed to exhaust administrative remedies. However, since the court has determined that the factual allegations contained in the January 23, 2004 charge are time-barred the Court does not consider Defendant's alternative argument for dismissal.

II.     WRONGFUL TERMINATION

In Count IV of Plaintiff's Second Amended Complaint, Plaintiff asserts that he was wrongfully terminated for national origin discrimination, retaliation, and disability discrimination. Defendant contends that Plaintiff's wrongful termination claim should be dismissed because Plaintiff has statutory remedies available to him. Defendant contends that Title VII and the Arizona Civil Rights Act provide exclusive remedies for Plaintiff's claims of wrongful termination based on national origin discrimination and retaliation. Likewise, Defendant argues that Plaintiff's claim for wrongful termination based on disability discrimination should be dismissed because they should have been alleged under the ADA because the ADA provides exclusive remedies for such claims.

"Where the statute creating the right provides an exclusive remedy, to be enforced in a particular way, or before a special tribunal, the aggrieved party will be left to the remedy given by the statute which created the right." Higa v. Transocean Airlines, 230 F.2d 780, 786 (9th Cir. 1955). Plaintiff's Second Amended Complaint clearly alleges Plaintiff's wrongful

1  termination based on national origin discrimination, retaliation, and disability discrimination
2  claims under the appropriate statutes. Specifically, Plaintiff's claims of wrongful termination
3  based on national origin discrimination and retaliation (Count I and Count II) contained in
4  Count IV are appropriately brought under the Arizona Employment Protection Act and the
5  Arizona Civil Rights Act. See Id. at ¶ 57. Plaintiff's additional claims for disability
6  discrimination contained in his claim for disability discrimination (Count III) are brought
7  under the Americans with Disabilities Act and incorporated by reference into his claims for
8  wrongful termination in Count IV. See Doc. 28, ¶¶ 50, 52, 56. Contrary to Defendant's
9  assertions, Plaintiff has, in fact, alleged Count IV under the appropriate statutes.
10 Accordingly, Defendant's motion to dismiss Plaintiff's wrongful termination claim is denied.

III.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendant asserts that Plaintiff's claim for Intentional Infliction of Emotional Distress must be dismissed. Defendant argues that its conduct did not rise to the level of outrageousness required to provide a basis for recovery in Arizona.

A cause of action for intentional infliction of emotional distress requires three things.

> [F]irst the conduct by the defendant must be 'extreme' and 'outrageous; second the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and third severe emotional distress must indeed occur as a result of defendant's conduct.

Johnson v. McDonald, 197 Ariz. 155, 160, 3 P.3d 1075, 1080 (1999). The trial court determines whether the acts at issue are sufficiently outrageous to state a claim for relief. Id. However, if reasonable minds could differ about wether the conduct is sufficiently outrageous, the issue should be decided by a jury. Id.

In his Second Amended Complaint Plaintiff alleges that he was subject to harsh and intimidating treatment by his immediate supervisor, Mr. Benbow. Doc. 28 at ¶ 8. Plaintiff asserts that Mr. Benbow would frequently use profanities, yell, and act aggressively towards Plaintiff. Id. Plaintiff complained to upper management about the treatment and advised them that he was on medication to deal with the stress, depression and anxiety he was feeling because of Mr. Benbow's mistreatment. Id. at ¶¶ 8, 10. As a result of his stress and anxiety,

1  in November of 2002, Plaintiff was diagnosed with severe depression and was put on short-
2  term disability leave. Id. at ¶ 11.  Upon returning to work in January 2003, Mr. Benbow's
3  abusive treatment of Plaintiff persisted. Id. at ¶ 12.  As further evidence of the harsh work
4  environment to which Plaintiff was subjected, one of the plant managers at Alcoa
5  acknowledged to Plaintiff that he was aware that Mr. Benbow had an anger management
6  problem. Id. at ¶ 13.  Plaintiff alleges that the abusive behavior continued on numerous
7  subsequent occasions despite bringing it to upper management's attention several times. Id.
8  at ¶ 16.  Plaintiff also asserts that he was lured back to work at Alcoa from his second
9  disability leave as a pretext for Defendant to fire him in retaliation for filing his January 2004
10 E.E.O.C. charge. Id. at ¶¶ 19-24.

11       Defendant argues that this conduct does not rise to the level of outrageousness
12 necessary to support a claim for intentional infliction of emotional distress.  In support of its
13 argument, Defendant cites Spratt v. Northern Auto Corp., 958 F.Supp. 456, 461 (D. Ariz.
14 1996), Hedrick v. Cargill Steel, No. CV 00-1956-PHX-JAT, 2003 U.S. Dist Lexis 13768 (D.
15 Ariz. 2003), and Baker v. Asarco, Inc., No. CIV-94-1045-PHX-ROS, 1995 U.S. Dist. Lexis
16 16852, 19-21 (D. Ariz. 1995), to assert that Arizona courts consistently hold that it is
17 extremely rare to find that conduct in an employment context rises to the level of
18 outrageousness necessary to meet the exceptionally high burden of proof to set fort a claim
19 for intentional infliction of emotional distress.  However, the court in Ford v. Revlon, Inc.,
20 153 Ariz. 38, 43-44, 734 P.2d 580, 585-586 (1987), found that an employer committed
21 reckless disregard when it knew an employee had complained to them that she had been
22 physically assaulted, subjected to vulgar remarks, and was emotionally distraught, yet failed
23 to do anything to address her complaints.

24       "The extreme and outrageous character of the conduct may arise from the actor's
25 knowledge that the other is peculiarly susceptible to emotional distress, by some reason of
26 some physical or mental condition or peculiarity."  RESTATMENT (SECOND) OF TORTS § 46,
27 comment f.  Plaintiff has alleged that he was subject to mistreatment by his supervisor after
28 he was diagnosed with severe depression.  With such knowledge, it appears Defendant may

1  have failed to adequately address Mr. Benbow's behavior towards Plaintiff.  Defendant's
2  Motion to Dismiss Plaintiff's claim for intentional infliction of emotional distress must be
3  denied "unless it appears beyond doubt that plaintiff can prove no set of facts in support of
4  his claim which would entitle him to relief."  Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.
5  1994).  Considering federal pleading standards and viewing allegations in the light most
6  favorable to Plaintiff, the Court finds that reasonable minds could differ about whether the
7  alleged conduct is sufficiently outrageous. Therefore, dismissal is inappropriate.
8  Accordingly, Defendant's Motion to Dismiss Plaintiff's Intentional Infliction of Emotional
9  Distress claim is denied.

IV.    **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Partial Motion to Dismiss the Second Amended Complaint is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's harassment and hostile work environment allegations asserted in Plaintiff's national origin discrimination cause of action is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's wrongful termination claim is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's intentional infliction of emotional distress claim is denied.

DATED this 4th day of May, 2007.

_____
Mary H. Murguia
United States District Judge